UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kayla Lynn Raiford, | ) C/A No. 1:10-2751-MBS-JRM |
| Plaintiff, | ) |
| vs. | ) |
| FBI;<br>ViCap;<br>COP National Alerting System;<br>U.S. Justice Department;<br>The President, 2010, | ) Report and Recommendation |
| Defendants. | ) |

The Plaintiff, Kayla Lynn Raiford (Plaintiff), proceeding *pro se*, brings this action against the United States President, federal agencies, and various programs thereof. Plaintiff seeks "immediate relief from the National Alerting System" and restitution. For the reasons that follow, Plaintiff's complaint is recommended for summary dismissal.

Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915; and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

As the Plaintiff is a *pro se* litigant, her pleadings are accorded liberal construction. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976). Even under this less stringent standard, however, the *pro se* complaint is still subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the

pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

Background

The complaint's "statement of claim" alleges the following facts, verbatim:

The FBI/ViCap/COP National Alerting System and Aiken Public Safety's ViCap/COP/Homeland Security and other forementioned have: Broken and violated all applicable Civil Rights Laws; Slandered Me; Defamation of Character; Have broken all applicable Constitutional Laws and all applicable Constitutional Amendments; Have broken all Civil Liberties Laws; Have broken all Privacy Laws; Have broken all laws regarding Home Invasions, theft of personal weapon and other personal items and others; Others Laws broken and violated will be presented in court. KLR. Including Torture in the 1st Degree KLR.

Plaintiff attached to her complaint a one hundred eighteen (118) page exhibit. *See* ECF No. 1-1. The exhibit contains: (1) copied pages of a legal dictionary, and the United States Constitution (pages 1-18 and 105-106); (2) "Legal Questions for the U.S. District Court," various letters, and drawings (pages 19-30 and 61-69); (3) information about methods and technology used by the Defendants to "monitor" Plaintiff (31-47); (4) examples of "electronical" transmissions received by Plaintiff, "stalking methods," "chemical substances affects" on the Plaintiff, "slave methodology," and "The Tweetie Bird Connection" (48-60, 97); (5) photographs/drawings, zodiac symbols, and copies of envelopes/certified mail receipts (70-84); (6) copied information regarding the FBI, Department of Justice, and various programs thereof (85-92 and 98-103); (7) Plaintiff's Freedom of Information Act (FOIA) requests to Aiken Public Safety and complaints thereto (93-96); (8) "cause of action" information (104); (9) "injury continued" information (107); and (10) state magistrate court documents, and police incident reports (108-118).

Pages 104 and 107 of the exhibit, which contain information about Plaintiff's cause of action and injuries, have been construed as part of the complaint form. These pages indicate that Plaintiff

believes the Defendants have violated her civil rights by implanting electronic devices into Plaintiff, her pets and family members. *See* ECF No. 1-1, page 104. Plaintiff's injuries include electronically transmitted electrical shocks to Plaintiff's private areas and memory block caused by unknown chemical substances placed into Plaintiff's body. *Id*. at page 107. Plaintiff claims the chemical substances have also resulted in pain caused by the "un-natural forced compressurization with constant depressing and compressing to position un-natural chemical bubbles inside my private areas primarily and the rest of my body secondary to create constant bouncing (non-stop) in all of my private areas at once or individually or in combination(s)." *Id.*

## Discussion

Plaintiff is bringing suit against the United States President, federal agencies and various programs thereof. As such, her constitutional claims are evaluated under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), which established a direct cause of action under the United States Constitution against federal officials for the violation of federal constitutional rights. *Carlson v. Green*, 446 U.S. 14,18 (1980). *See also Holly v. Scott*, 434 F.3d 287, 289 (4th Cir. 2006). A *Bivens* claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983, therefore, caselaw involving § 1983 claims is applicable in *Bivens* actions, and vice versa. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814-820, n. 30 (1982). *See also Farmer v. Brennan*, 511 U.S. 825 (1994); *Campbell v. Civil Air Patrol*, 131 F. Supp. 2d 1303, 1310, n. 8 (M.D. Ala. 2001)("the court shall refer interchangeably to cases" decided under both § 1983 and *Bivens*).

As an initial matter, Plaintiff's claims against the Federal Bureau of Investigation (FBI), the United States Department of Justice (DOJ), the Violent Criminal Apprehension Program (ViCap),

the Community Oriented Policing Services (COP) National Alerting System, and the United States President are subject to summary dismissal. First, the United States Supreme Court has recognized the defense of "absolute immunity" for "officials whose special functions or constitutional status requires complete protection from suit." *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). Included in this list are "legislators, in their legislative functions . . . judges, in their judicial functions . . . and the President of the United States." *Id*. (citations omitted). *See also Hafer v. Melo*, 502 U.S. 21, 29 (1991). As the President of the United States is protected from suit by absolute immunity, this Defendant is entitled to summary dismissal from the instant action.

Next, Plaintiff names two federal agencies, the FBI and the DOJ. Plaintiff also names as Defendants two DOJ programs, ViCap and the COP National Alerting System. Under the principle of sovereign immunity, individuals may not sue the United States or its agencies without their consent. *See FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994)(declining to extend *Bivens* to permit suit against a federal agency); *Global Mail Ltd. v. U.S. Postal Service*, 142 F.3d 208, 210 (4th Cir. 1998)(federal governmental entity entitled to sovereign immunity unless Congress waives that immunity and consents to suit). As the FBI, DOJ, ViCap, and COP National Alerting System are federal agencies or programs protected by sovereign immunity, these Defendants are also entitled to summary dismissal from this case.

In addition to the federal defendants named in this action, Plaintiff lists Aiken, S.C., Columbia, S.C., and Washington, D.C., in the caption of her complaint form. Plaintiff also includes Aiken Public Safety in the complaint's statement of claim section. As Plaintiff provided no service documents for these entities and listed the cities of Aiken, Columbia, and Washington in the "parties" section of the complaint as locations where the other named Defendants could be located,

4

these four entities have not been docketed as defendants in this action. However, to the extent Plaintiff may be attempting to state a cause of action, under 42 U.S.C. § 1983, for violation of a federal right, she fails to state a claim against Aiken, S.C., Columbia, S.C., Washington D.C., or Aiken Public Safety. Municipal liability is based on execution of a governmental policy or custom. *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978). A municipality may not be held liable under § 1983 solely because it employs a tort-feasor. Instead, a plaintiff must identify a municipal "policy" or "custom" that caused the plaintiff's injury. *Board of County Commissioners v. Brown*, 520 U.S. 397, 403 (1997); *Kirby v. City of Elizabeth City, North Carolina,* 388 F.3d 440, 451 (4th Cir. 2004). Plaintiff, who simply alleges that "all" of her federal rights have been violated, fails to identify a specific policy or custom which caused her constitutional injury. Thus, even if Plaintiff intended to sue the above referenced cities and Aiken Public Safety, she fails to state a cognizable claim against them.

Finally, presuming that Plaintiff has sincerely set forth the statements in the exhibit to her complaint, they are manifestly nonsensical. As assertions of fact, they cannot be given even momentary credibility. For example, a portion of the exhibit claims that Plaintiff is being stalked by "ariel aircraft." *See* ECF No. 1-1, page 51. Plaintiff also alleges that she must avoid "eye contact with any man, woman or child" and is being forced "into submission like a slave." *Id.* at 58. Further, in addition to claiming that the Defendants are subjecting her to sexual assault via chemical substances, Plaintiff also alleges that she is being monitored by a "Mother Ship." *Id.* at 60, 82. These excerpts are indicative of many of the statements, drawings, and photocopies provided in the exhibit. However, such allegations are simply not believable. As the words in *Denton v. Hernandez* suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of

the irrational or the wholly incredible. *Denton v. Hernandez*, 504 U.S. at 32. The Supreme Court has held that a court may dismiss a claim as factually frivolous if the facts alleged are "clearly baseless," a category encompassing allegations that are "fanciful," "fantastic," and "delusional." *Id.* at 32-33. Therefore the instant case, which names immune defendants and fails to state a claim upon which relief may be granted, should also be dismissed as frivolous under § 1915(e).

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above captioned case *without prejudice* and without issuance and service of process.

Joseph R. McCrorey
United States Magistrate Judge

November 17, 2010
Columbia, South Carolina

**Plaintiff's attention is directed to the important notice on the next page.**

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).