IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

AIKEN DIVISION

| | |
|---|---|
| Kayla Lynn Raiford, )<br><br>Plaintiff, )<br><br>vs. )<br><br>FBI; ViCap; COP National Alerting )<br>System; U.S. Justice Department; The )<br>President, 2010, )<br><br>Defendants. )<br>_____ ) | C/A No. 1:10-2751-MBS<br><br><br><br>**O R D E R** |

Plaintiff Kayla Lynn Raiford, proceeding pro se and in forma pauperis, filed a complaint on October 22, 2010, alleging that her constitutional rights have been violated and that she has been subjected to defamation, invasion of privacy, and torture. According to Plaintiff, Defendants operate a Total-Take-Over Program that has continuously forced unknown chemical substances and electronic technology on and in Plaintiff's person for the purpose of controlling her mind and actions. Plaintiff brings her constitutional claims pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to the provisions of 28 U.S.C. § 1915. On November 17, 2010, the Magistrate Judge filed a Report and Recommendation in which he determined that (1) the President is entitled to absolute immunity; (2) the U.S. Justice Department (DOJ) and ViCap and the COP National Alerting System, two DOJ programs, are entitled to sovereign immunity; (3) any

constitutional allegations against the cities of Aiken and Columbia, South Carolina and Washington, D.C., to the extent these municipalities are listed in Plaintiff's complaint, fail to state a claim under 42 U.S.C. § 1983; and (4) Plaintiff's allegations are manifestly nonsensical. Accordingly, the Magistrate Judge recommended that the complaint be summarily dismissed without prejudice and without issuance and service of process. Plaintiff filed objections to the Report and Recommendation on December 3, 2010.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the Report and Recommendation or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

In her objections, Plaintiff essentially reiterates the allegations of her complaint. She states that the Total-Take-Over Program is "structurally designed to break any law to monitor, to violate, to publicly exploit, and to apprehend law abiding citizens and then control all movements, all past memories, speech, daily tasks, written documents, etc." Objections 1 (ECF No. 10). Plaintiff contends that she was chosen for the Program's "new and innovative remotely operated by satellite and integrats the Female body and mind (by controlling all past and recent memories) onto their fully automated computerized system." Id. at 2.

The district court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982). Nevertheless, the court has thoroughly examined the record. The court adopts the Report of and

Recommendation and incorporates it herein by reference. Plaintiff's complaint is summarily dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.


/s/ Margaret B. Seymour
United States District Judge


Columbia, South Carolina

May 23, 2011.


**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified of the right to appeal this order
pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**